NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A.,<br><br>                   Plaintiff-Appellee,<br><br>  v.<br><br>RUFFTOWN ENTERTAINMENT<br>GROUP, INC.; et al.,<br><br>                   Defendants,<br><br> and<br><br>IVAN RENE MOORE,<br><br>                   Defendant-Appellant. | No. 17-56005<br><br>D.C. No. 2:17-cv-02312-VAP-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Moore's requests for oral argument, set forth in his opening and reply briefs, are denied.

Ivan Rene Moore appeals pro se from the district court's orders issuing writs of execution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's conclusions of law and for clear error its findings of fact. *Flatow v. Islamic Republic of Iran*, 308 F.3d 1065, 1069 (9th Cir. 2002). We affirm.

The district court properly ordered the U.S. Marshal to levy upon Moore's property because Wells Fargo Bank, N.A. registered in the district court its Wisconsin federal district court judgment against Moore and his companies. *See* 28 U.S.C. § 1963 (judgment for recovery of money or property registered in a district court "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner"); Fed. R. Civ. P. 69(a)(1) (the law of the state in which the federal judgment is registered governs the procedures for execution of the judgment and a federal statute governs to the extent it applies). The district court did not clearly err in determining that the items levied upon by the U.S. Marshal were the personal property of Moore or his companies.

Because Moore does not contend that Wells Fargo failed to comply with California law, we do not consider the issue of whether the property was properly levied by writ of execution. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th

Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

Contrary to Moore's contentions, the *Rooker–Feldman* doctrine does not bar Wells Fargo from executing on its registered judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that application of the *Rooker–Feldman* doctrine is confined to cases where state-court losers complain of injuries caused by state-court judgments and seek review of those judgments).

We reject as unsupported by the record Moore's contention that the district court violated his equal protection and due process rights.

Moore's motion to file a substitute reply brief (Docket Entry No. 15) is granted. The Clerk shall file the reply brief at Docket Entry No. 14, and strike the reply brief at Docket Entry No. 13.

**AFFIRMED.**

17-56005